UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
AT LONDON

Eastern District of Kentucky
FILED

DEC 5 – 2005

AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

CRIMINAL CASE NO. 03-18-KKC
§2255 MOTION TO VACATE FILED AS:
CIVIL CASE NO. 05-116-KKC

UNITED STATES OF AMERICA                    PLAINTIFF

VS.                    **REPORT AND RECOMMENDATION**

VIRGIL SIZEMORE                    DEFENDANT

\*\*\*\*\*\*\*

This matter is before the Court upon the "Motion to Vacate, Set Aside, or Correct Sentence" (DE#162) pursuant to 28 U.S.C. §2255 by the pro se defendant, Virgil Sizemore. The motion was referred to the undersigned Magistrate Judge for initial consideration and a report and recommendation. Having fully considered the record, including the motion (DE#162) and response (DE#167), and no reply having been filed, the Magistrate Judge makes the following proposed findings of fact and conclusions of law:

## I. Findings of Fact

After law enforcement officers conducted a lengthy investigation of drug-trafficking in Kentucky, including multiple "controlled" buys of illegal drugs, Virgil Sizemore was arrested on drug charges under a criminal complaint. Shortly thereafter on April 9, 2003, a London Grand Jury returned a 24-count federal indictment against Virgil Sizemore and five co-defendants. Sizemore was charged in Count 1 with violation of 21 U.S.C. §846 for conspiracy to possess and distribute cocaine, in Counts 12, 16, and 19 with violation of 21 U.S.C. §841(a)(1) for distribution of cocaine,[1] in Count 20 with violation of 18 U.S.C. §922(g)(1) for felon in possession of firearms, and in Counts 23-24 with forfeiture of $4,293.00 in currency, firearms, and ammunition.

---

[1] Counts 12 and 16 also charged "aiding and abetting" under 18 U.S.C. §2.

Sizemore was arraigned on April 29, 2003. On September 17, 2003, the
United States filed notice pursuant to 21 U.S.C. §851 that he was subject to an
enhanced sentence based on prior felony convictions. After plea negotiations,
Sizemore entered into a written plea agreement on December 18, 2003. He
expressly agreed to plead guilty to Counts 1, 20, 23 and 24. He agreed to the
detailed factual basis set forth in the agreement, including details of a controlled
buy of cocaine involving Sizemore and various other acts by him in furtherance of
the conspiracy. See DE#108, Plea Agreement, ¶4; and see, DE#167, Exh. 1, copy
of Plea Agreement. On its part, the United States agreed to move for dismissal of
Counts 12, 16, and 19 at sentencing.

The written plea agreement set forth the maximum penalties for Counts 1,
20, 23, and 24, and indicated that the United States Sentencing Guidelines would
apply to determine his guideline range. His plea agreement indicated that his base
offense level was 32, that a two-level increase would apply due to the presence of
firearms, that a four-level increase would apply as the defendant was an "organizer
or leader", and that Counts 1 and 20 would be grouped for a total offense level of
38. A two-level decrease for acceptance of responsibility and an additional one-
level decrease based on his timely notice of intent to plead guilty would then
apply, yielding an adjusted total offense level of 35. See Plea Agreement, ¶6. The
plea agreement at ¶9 further indicated that a downward departure for substantial
assistance was possible. At ¶11, Sizemore expressly waived his right to appeal
and to collaterally attack his guilty plea, conviction, and any lawful sentence.

At rearraignment on December 18, 2003, the terms of his plea agreement
were reviewed and discussed in open court. Sizemore indicated that he had
reviewed all the terms of his plea agreement with his attorney and that he
understood them. See DE#112, p. 13. Sizemore made no objection to any of the
calculations in the Presentence Report. See DE#146; DE#149, Sentencing Tr., p.
4. Given an adjusted total offense level of 35, a criminal history category of VI,
and a sentencing guideline range of 292 to 365 months, the Court sentenced
Sizemore at the bottom of the range to a total of 292 months imprisonment, to be
followed by ten years supervised release. He did not appeal the lawfulness of his
sentence or the validity of the waiver, but subsequently filed a §2255 motion
which was entered in the docket on March 8, 2005. DE#162.

## II. Issues Presented

The threshold issues before the Court are whether 1) Sizemore validly

waived his right to collaterally challenge his plea, conviction, and sentence, 2) whether his claims are defaulted because he did not appeal his sentence or waiver, and 3) whether the Supreme Court's decisions in *Apprendi, Blakely, and Booker* are retroactively applicable on collateral review.

Defendant contends that: 1) the express waiver of his right to appeal is not enforceable, 2) his guilty plea was "involuntary" due to "coercion and threats", 3) his sentence should be invalidated under the Supreme Court 's decisions in *Apprendi, Blakely,* and *Booker*, and 4) his counsel was "ineffective" for not objecting to certain sentencing enhancements and for not explaining that a jury had to decide the facts regarding his prior convictions.

## III.  Conclusions of Law

### Statutory Jurisdiction

Amended 28 U.S.C. §2255 provides in relevant part that "A prisoner in custody....may move the court which imposed the sentence to vacate, set aside or correct sentence."  Defendant has correctly filed this motion in the sentencing court that imposed the federal sentence now challenged.  When he filed this motion, defendant was in federal custody at F.M.C. in Lexington, Kentucky.

### Applicability of AEDPA, Successiveness

The "Antiterrorism and Effective Death Penalty Act of 1996" ("AEDPA") was enacted on April 24, 1996, and its provisions apply to motions, such as the present one, filed after such date. Williams v. Taylor, 529 U.S. 362, 120 S.Ct. 1495, 1518, 146 L.Ed.2d 389 (2000); Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997). Under the AEDPA, courts must first determine whether a §2255 motion is "successive".  In re Sims, 111 F.3d 45 (6th Cir. 1997) (per curiam). Defendant indicates he had not filed any other §2255 motions, and the record does not reflect any.

### AEDPA One Year Period of Limitations

The AEDPA provides that §2255 motions are subject to a one-year period of limitations that generally runs from "the date on which the judgment of

conviction becomes final". 28 U.S.C. §2255, ¶ 6(1); <u>Clay v. United States</u>, 537 U.S. 522, 123 S.Ct. 1072, 1074, 155 L.Ed.2d 88 (2003). "[W]hen a federal criminal defendant does not appeal to the court of appeals, the judgment becomes final upon the expiration of the period in which the defendant could have appealed to the court of appeals, even when no notice of appeal was filed." <u>Sanchez-Castellano v. United States</u>, 358 F.3d 424, 427 (6th Cir. 2004)("In most cases, that period is ten days, pursuant to Fed. R. App. P. 4(b)(1).").

Virgil Sizemore's judgment (DE#152) was entered on May 5, 2004, and his conviction and sentence were "final" ten days later. He did not appeal, but later signed (and presumably mailed) the present §2255 motion on February 25, 2005. This is generally deemed to be the "filing" date under the prisoner mailbox rule. See <u>Houston v. Lack</u>, 108 S.Ct. 2379 (1988); <u>Sanchez-Castellano</u>, 358 F.3d at 425 (applying rule to §2255 motions). Defendant's §2255 motion was timely filed within the one-year period of limitations.

## Issue 1: Whether Defendant's Express Waiver is Valid and Enforceable

The United States asserts that Sizemore's §2255 claims are foreclosed by his express waiver. The record reflects that, as part of his written plea agreement, Sizemore specifically agreed that:

> "The Defendant waives the right to appeal and the right to attack collaterally the guilty plea, conviction, and any lawful sentence, including any order of restitution." DE#108, Plea Agreement, ¶11.

A defendant may validly waive such rights. See <u>United States v. Allison</u>, 59 F.3d 43, 46 (6th Cir.), *cert. denied*, 516 U.S. 1002 (1995)(defendant may validly waive the right to appeal); <u>Palermo v. United States</u>, 101 F.3d 702, 1996 WL 678222 (6th Cir. (Ohio))(enforcing waiver and observing that both the right to appeal and the right to seek post-conviction relief are statutory rights that may be waived); <u>United States v. Watson</u>, 165 F.3d 486, 488-89 (6th Cir. 1999)(defendant may validly waive the right to seek §2255 relief); <u>Davila v. United States</u>, 258 F.3d 448, 450-51 (6th Cir. 2001)(defendant may validly waive the right to challenge conviction via §2255 motion, including claims of ineffective assistance of counsel).

Of course, the defendant's waiver of rights, like the guilty plea itself, must be knowing, intelligent, and voluntary. See <u>Brady v. United States</u>, 397 U.S. 742, 748, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970); <u>Boykin v. Alabama</u>, 395 U.S. 238, 242-44, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); <u>United States v. Sammons</u>, 918 F.2d 592, 596 (6th Cir. 1990). "A guilty plea....is valid only if done voluntarily, knowingly, and intelligently, with sufficient awareness of the relevant circumstances and likely consequences." <u>Bradshaw v. Stumpf</u>, – U.S. –, 125 S.Ct. 2398, 162 L.Ed.2d 143, 2005 WL 1383730, *5 (2005).

With respect to "voluntariness", Sizemore specifically indicated in his plea agreement that:

> "The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary." DE#108, Plea Agreement, ¶17.[2]

At his plea hearing, Sizemore stated under oath that he had reviewed the plea agreement with counsel and understood its terms. See DE#112, p. 13. The prosecutor recited the terms of Sizemore's plea agreement, including the express waiver, in open court. DE#112, p. 18. When the judge asked Sizemore if anyone had threatened him in any way or coerced him into entering the plea agreement, Sizemore stated "No, ma'am." See DE#112, p. 13-14. "Entry of a plea of guilty is not some empty ceremony, and statements made to a federal judge in open court are not trifles that defendants may elect to disregard." <u>United States v. Stewart</u>, 198 F.3d 984, 987 (7th Cir. 1999); <u>United States v. Loutos</u>, 383 F.3d 615, 619 (7th Cir. 2004)(pointing out that "[t]he purpose of a Rule 11 colloquy is to expose coercion or mistake, and the district judge must be able to rely on the defendant's sworn testimony at that hearing."). The sentencing judge also asked Sizemore if he wished to speak personally, but he declined and indicated he would let his attorney speak for him. DE#146, p. 25.

In addition, the district judge specifically advised Sizemore in open court

---

[2]The United States Supreme Court has indicated that "[w]here a defendant is represented by competent counsel, the court usually may rely on that counsel's assurance that the defendant has been properly informed of the nature and elements of the charge to which he is pleading guilty." <u>Bradshaw v. Stumpf</u>, 2005 WL 1383730, *5 (2005).

that he could appeal his sentence. DE#143. Thus, if Sizemore believed his sentence was "unlawful", he knew he could have appealed such matter, but chose not to do so. To the extent he now seeks to challenge the application of the sentencing guidelines in his case, relief under §2255 is not available for a claim of sentencing-guideline error "when that error was procedurally defaulted through the failure to bring a direct appeal." Hunter v. United States, 160 F.3d 1109 (6th Cir. 1998), citing Grant v. United States, 72 F.3d 503, 505 (6th Cir. 1996). It is incumbent upon a defendant to exercise his rights in a timely manner. A motion to vacate is not a substitute for direct appeal. United States v. Duhart, 511 F.2d 7, 9 (6th Cir.), cert. dismissed, 421 U.S. 1006 (1975).

It is well-established that "[w]here a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either cause and actual prejudice or actual innocence." Bousley v. United States, 523 U.S. 614, 622, 118 S.Ct. 1604, 1611, 140 L.Ed.2d 828 (1998); Ratliff v. United States, 999 F.2d 1023, 1025 (6th Cir. 1993)(holding that the "cause and prejudice standard applies to a defendant who pleads guilty and first asserts a claim for relief in a collateral proceeding."). Sizemore has not done so. His claims are expressly waived and defaulted, and thus, are not reviewable here.

Sizemore has not shown any plausible reason why his guilty plea and waiver should not be enforced. See United States v. Sykes, 292 F.3d 495, 498 (6th Cir.), cert. denied, 537 U.S. 965 (2002)("informed waivers are valid"); United States v. Fleming, 239 F.3d 761, 764-65 (6th Cir. 2001)("a defendant's knowing and voluntary waiver of [the] right to appeal contained in a plea agreement normally is valid and will preclude review of an issue on appeal."); United States v. McGilvery, 403 F.3d 361, 362-63 (6th Cir. 2005)(enforcing defendant's waiver of his right to appeal).

## Issue 2: Whether Defendant's Guilty Plea was "Involuntary" Due to Coercion and Threats

Despite his express waiver and default, defendant now attempts to challenge the validity of his guilty plea. His claims are conclusory and self-serving, and moreover, such claims are generally not cognizable on §2255 review. The United States Supreme Court has held that "[i]t is well settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked." Mabry v. Johnson, 467 U.S.

Page 6 of 14

504, 104 S.Ct. 2543, 2547, 81 L.Ed.2d 437 (1984). The United States Supreme Court has emphasized that "the concern with finality served by the limitation on collateral attack has special force with respect to convictions based upon guilty pleas." United States v. Timmreck, 441 U.S. 780, 784, 99 S.Ct. 2085, 2087, 60 L.Ed.2d 634 (1979).

To the extent Sizemore alleges that his plea was "involuntary" due to "coercion and threats", and to the extent such claim is even cognizable here, he has not made any plausible showing of undue pressure or impermissible coercion by the prosecution that might render his guilty plea "involuntary". A guilty plea is not rendered invalid because it represents a compromise by a defendant, thrusts a difficult judgment upon him, or is motivated by fear of greater punishment. United States v. Cox, 464 F.2d 937, 942 (6th Cir. 1972). In other words, Sizemore's understandable apprehension of the punishment possible upon a criminal conviction for serious offenses does not amount to "coercion" that would render his plea invalid.

Sizemore also contends that he was paid to deliver numerous packages, but allegedly did not know at first that the contents were illegal. See DE#162, p. 29-30. To the extent he claims that he was unknowingly caught against his will in a web of drug dealing and that his co-defendants threatened him so that he could not withdraw, such allegations do not indicate that his entry into his plea bargain was "coerced". In any event, after entering a guilty plea and admitting the factual basis for the charges against him, Sizemore can no longer contest the underlying facts of his criminal activities. In Boykin v. Alabama, the United States Supreme Court observed that:

> "A plea of guilty is more than a voluntary confession made in open court. It also serves as a stipulation that no proof by the prosecution need by advanced. It supplies both evidence and verdict, ending controversy."
> Boykin, 395 U.S. 238, 243, 89 S.Ct. 1709, 1712 (1969).

Sizemore claims that "he was told he had to plead guilty or his wife and children would be killed" and that "the leaders of the group had contacts within the U.S. Attorney's office and if the defendant attempted to tell what was happening they would know and take action to harm his wife or children." See DE#162, p. 30. His claims are self-serving and vague. He does not provide any specific factual detail, nor support such serious allegations with any evidence of any kind, nor even allege who purportedly made such threats. In light of his sworn

Page 7 of 14

statement in court that his guilty plea was voluntary, Sizemore's subsequent unsupported and contradictory claim is entitled to little credence. The United States Supreme Court has held that "[s]olemn declarations in open court carry a strong presumption of verity...[the petitioner's] subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal." Blackledge v. Allison, 431 U.S. 63, 74, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977).

## Issue 3: Whether Sizemore's Sentence May be Invalidated Under the Supreme Court 's Decisions in *Blakely* and/or *Booker*

Defendant did not challenge his enhancements at sentencing. "This circuit has explicitly held that failure to object to an enhancement operates as a waiver." United States v. Jarman, 144 F.3d 912, 915 (6th Cir. 1998); and see, United States v. Holloway, 166 F.3d 1215, 1998 WL 833767, *2, Fn. 4 (6th Cir. (Tenn.))(holding that "objections that are not raised at the sentencing hearing are deemed waived"); United States v. Dobish, 102 F.3d 760, 762 (6th Cir. 1996); United States v. Cullens, 67 F.3d 123, 124 (6th Cir. 1995). "If the system is to work and if appellate review is to be meaningful, it is absolutely essential that a defendant raise all objections to the sentence before the sentencing judge in the first instance. For this reason, the law has developed that a failure to object results in a waiver." United States v. Carr, 170 F.3d 572 (6th Cir. 1999). Defendant's allegations of sentencing error are unpreserved. Of course, counsel did not object because Sizemore's sentence was imposed in accordance with the law in effect at the time.

Although Sizemore now complains that a jury did not decide his sentencing enhancements and argues that his sentence should therefore be reversed under the Supreme Court's *Apprendi*-line decisions in *Blakely* and *Booker*,[3] those cases do not provide a basis for §2255 relief. To the extent he relies upon *Blakely*, such case concerned a state sentencing scheme, rather than the federal sentencing guidelines. The Supreme Court in *Blakely* expressly reserved any decision about the status of the federal Sentencing Guidelines, and such case does not provide

---

[3]Although Sizemore asks to withdraw his guilty plea and proceed to trial, his reliance on *Booker*, even if he were proceeding on direct appeal, would not entitle him to such relief. When a case on direct appeal involves a sentence in violation of Booker, the typical remedy is to remand for resentencing, not to invalidate the plea and retry the case.

authority for Sizemore's arguments.[4] The Supreme Court subsequently decided another *Apprendi*-line case that directly concerned the federal sentencing guidelines. In United States v. Booker, 125 S.Ct. 738 (2005), the Supreme Court held that:

> "18 U.S.C.A. § 3553(b)(1), which makes the Federal Sentencing Guidelines mandatory, is incompatible with today's Sixth Amendment 'jury trial' holding and therefore must be severed and excised from the Sentencing Reform Act of 1984(Act). Section 3742(e), which depends upon the Guidelines' mandatory nature, also must be severed and excised. So modified, the Act makes the Guidelines effectively advisory, requiring a sentencing court to consider Guidelines ranges, see § 3553(a)(4), but permitting it to tailor the sentence in light of other statutory concerns, see § 3553(a)." Id.

Of course, the Supreme Court decided *Booker* on January 12, 2005, which was *after* Sizemore's conviction was already final.[5] The Supreme Court has indicated that *Booker*, like *Apprendi*, is applicable to cases *on direct appeal*. Booker, 125 S.Ct. at 769 (holding that such decision applies to "all cases ... pending on direct review or not yet final"). *Apprendi*-line cases, such as *Booker*, are not retroactively applicable to cases already final that are on collateral review. See, e.g., Schriro v. Summerlin, 124 S.Ct. 2519 (2004)(holding that its *Ring* decision, which like *Blakely*, involved an application of *Apprendi*, was not retroactively applicable to cases on collateral review).

Every federal circuit to consider the issue, including the Sixth Circuit Court of Appeals, has held that *Booker* does not apply retroactively to cases on collateral

---

[4]In *Blakely*, the Supreme Court addressed a prisoner's *Apprendi* claim on direct appeal and explained:

> "this case requires us to apply the rule we expressed in Apprendi v. New   Jersey, 530 U.S. 466, 120 S.Ct. 2348, 2362-63, 147 L.Ed.2d 435 (2000): 'Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt'." Id., 124 S.Ct. at 2536.

[5]His judgment was entered on May 5, 2004, and such judgment was final ten days later when his time to appeal expired.

review. See Guzman v. United States, 404 F.3d 139, 143-44 (2nd Cir. 2005); Lloyd
v. United States, 407 F.3d 608, 614-15 (3rd Cir. 2005); United States v. Morris, –
F.3d –, 2005 WL 2950732, *6 (4th Cir. 2005)(holding that *Booker* "is not available
for post-conviction relief for federal prisoners.... whose convictions became final
before *Booker* (or *Blakely* ) was decided"); Humphress v. United States, 398 F.3d
855, 860 (6th Cir.), *cert. denied*, 126 S.Ct. 199 (2005); United States v. Saikaly,
424 F.3d 514, 517 (6th Cir. 2005); McReynolds v. United States, 397 F.3d 479,
481 (7th Cir.), *cert. denied,* 125 S.Ct. 2559 (2005); Never Misses A Shot v. United
States, 413 F.3d 781, 783 (8th Cir. 2005) (per curiam); Price v. United States, 400
F.3d 844, 845 (10th Cir.), *cert. denied*, 2005 WL 3144122 (U.S. Nov 28, 2005);
United States v. Bellamy, 411 F.3d 1182, 1186-87 (10th Cir.2005); Varela v.
United States, 400 F.3d 864, 868 (11th Cir. 2005)(per curiam), *petition for cert.
filed* (June 30, 2005)(No. 05-6041).[6]

In Humphress, 398 F.3d at 860, the Sixth Circuit explained:

> "Humphress argues that his sentence was imposed in violation of *Blakely*, --
> - U.S. ----, 124 S.Ct. 2531, 159 L.Ed.2d 403, because the trial judge
> increased his sentence based on findings of fact made by the judge. This
> claim is now governed by the Supreme Court's intervening decision in
> *Booker,* --- U.S. ----, 125 S.Ct. 738, 160 L.Ed.2d 621, which applied the
> *Blakely* reasoning to the Federal Sentencing Guidelines, holding that "[a]ny
> fact (other than a prior conviction) which is necessary to support a sentence
> exceeding the maximum authorized by the facts established by a plea of
> guilty or a jury verdict must be admitted by the defendant or proved to a
> jury beyond a reasonable doubt." *Id.* at 756. Because we conclude that
> *Booker*'s rule does not apply retroactively in collateral proceedings, we find
> this claim meritless."

*"Humphress* is the law of the Sixth Circuit, which this Court must follow." Hadley
v. United States, – F.Supp. –, 2005 WL 3006989, *3 (W.D.Ky. 2005). *"Booker's*
rule does not apply retroactively in collateral proceedings." Humphrey v. United
States , 2005 WL 2002361, *1 (N.D.Ohio 2005)(rejecting a *Blakely/Booker* claim

---

[6]*Apprendi* is not retroactively applicable on collateral review. See United States v. Goode,
305 F.3d 378, 382 (6th Cir. 2002), *cert. denied*, 123 S.Ct. 711 (2002), citing Teague v. Lane, 489
U.S. 288, 310-313, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989); Regalado v. United States, 334 F.3d
520, 528 (6th Cir.), *cert. denied*, 124 S.Ct. 585 (2003); and see, United States v. Lucas, 282 F.3d
414 (6th Cir. 2002)(*Apprendi* applies only "to cases on direct review").

brought in a §2255 motion). Such precedent is binding here.

In any event, the defendant's interpretation that *Apprendi* and/or *Booker* would require the jury to decide the facts regarding a defendant's prior convictions is not accurate. In United States v. Barnett, 398 F.3d 516, 525 (6th Cir. 2005), the Sixth Circuit Court of Appeals observed that "there is no language in *Booker* suggesting that the Supreme Court, as part of its remedial scheme adopted in that case, intended to alter the exception to *Apprendi* allowing district courts to consider the fact and nature of prior convictions, without submitting those issues to the jury." In other words, a district court may rely on prior convictions to enhance a defendant's sentence. See also, United States v. Shelton, 400 F.3d 1325, 1329 (11th Cir. 2005)(noting that "[o]ther circuits post-*Booker* also have recognized that enhancements for prior convictions are for the judge, not the jury, to determine."); United States v. Vieth, 397 F.3d 615, 620 (8th Cir.  2005)("As to the enhancement for a prior conviction, the Supreme Court has consistently said that the fact of a prior conviction is for the court to determine, not the jury.").

## Issue 4: Ineffective Assistance of Counsel

Finally, defendant alleges that his counsel was "ineffective" for not objecting to certain sentencing enhancements and for not adequately explaining to him that a jury had to make such findings. As already discussed, defendant waived his right to bring a §2255 motion challenging his conviction and sentence. In any event, he has not shown objectively deficient performance by defense counsel or any resulting prejudice under the standard enunciated in Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Sizemore was sentenced in accordance with the law in effect at the time. His counsel could not explain a Supreme Court holding that did not yet exist, such as *Booker* (decided January 12, 2005). As already discussed, *Blakely* did not concern the federal sentencing guidelines, and *Apprendi* did not require facts regarding prior convictions to be decided by the jury.

Counsel will not be deemed constitutionally "ineffective" for not making baseless objections or for not  anticipating future rulings of the Supreme Court. See Harris v. United States, 204 F.3d 681 (6th Cir. 2000)(defense counsel was not "ineffective" for failing to make futile or baseless objections); Wright v. United States, 238 F.3d 426, 2000 WL 1827861, *2 (6th Cir. (Ky.)); United States v. Carter, 355 F.3d 920, 924 (6th Cir. 2004). Petitioner is not entitled to any relief.

Page 11 of 14

## IV. No Hearing Required

The allegations in the present §2255 motion concern legal issues that can be decided on the record before the Court, and the record conclusively shows that the petitioner is not entitled to any relief. There are no factual disputes to resolve with respect to this §2255 motion, and the defendant is not entitled to an evidentiary hearing. See, e.g., Curry v. United States, 39 Fed. Appx. 993, 994, 2002 WL 1774222, *2 (6th Cir. (Ky.)), cert. denied, 522 U.S. 877 (2002), and denial of post-conviction relief affirmed, 2002 WL 1774222; Vroman v. Brigano, 346 F.3d 598, 606 (6th Cir. 2003); Lott v. Coyle, 261 F.3d 594, 602 (6th Cir. 2001); Pratt v. United States, 2004 WL 1859513, *2 (6th Cir. (Mich.))(finding no abuse of discretion in denying defendant's motion without an evidentiary hearing); Blanton v. United States, 94 F.3d 227, 235 (6th Cir. 1996)(holding that "evidentiary hearings are not required when ... the record conclusively shows that the petitioner is entitled to no relief."); Baker v. United States, 781 F.2d 85, 92 (6th Cir. 1986).

The government has a fundamental interest in the finality of guilty pleas. Hill v. Lockhart, 474 U.S. 52, 58, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). The United States Supreme Court has observed that "[t]o allow indiscriminate hearings in federal post-conviction proceedings....would eliminate the chief virtues of the plea system-- speed, economy, and finality." Blackledge v. Allison, 431 U.S. 63, 71, 97 S.Ct. 1621, 1627, 52 L.Ed.2d 136 (1977); United States v. Timmreck, 441 U.S. 780, 784, 99 S.Ct. 2085, 2087, 60 L.Ed.2d 634 (1979).

## V. Certificate of Appealability ("COA")

A certificate of appealability should issue "only if the applicant has made a substantial showing of the denial of a constitutional right", 28 U.S.C. §2253(c)(2), and shall indicate which specific issues satisfy the "substantial showing" requirement. See Murphy v. Ohio, 263 F.3d 466 (6th Cir. 2002)(requiring an "individualized determination of each claim...in considering whether to grant a COA"); see also, Miller-El v. Cockrell, 537 U.S. 322, 123 S.Ct. 1029, 1039, 154 L.Ed.2d 931 (2003).

The Supreme Court has held that "[w]here a district court has rejected the constitutional claims on the merits, ... [t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484, 120 S.Ct.

1595, 146 L.Ed2d 542 (2000). When a "district court denies a petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue if the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

With respect to  the procedural recommendations herein, Sizemore expressly waived, as part of his valid plea agreement, his right to appeal and to collaterally attack his guilty plea, conviction, and any lawful sentence. He did not object to the PSR at sentencing nor appeal his waiver or sentence as "unlawful". His claims are waived and defaulted. He has not shown any reason to excuse his default. Moreover, his reliance on the Supreme Court's decision in *Booker* is unavailing. His conviction was already final when *Booker* was decided, and such decision is not retroactively applicable to cases on §2255 review. See Humphress v. United States, 398 F.3d 855, 860 (6ᵗʰ Cir. 2005)("we conclude that *Booker*'s rule does not apply retroactively in collateral proceedings"). Such case law is binding on this Court. Jurists of reason would not find these procedural recommendations "debatable".

As to the other *Slack* prong, i.e. whether the petition states a valid claim of the denial of a constitutional right, defendant has not made a substantial showing of the denial of his right to effective counsel. See Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Counsel obtained an advantageous plea agreement for defendant. The record shows that Sizemore was informed about the express terms of his plea agreement by counsel, and again in open court. He stated under oath that he understood such terms and voluntarily chose to plead guilty. His claim that his counsel was "ineffective" is largely based on a meritless underlying assumption, i.e that counsel was required to anticipate future rulings of the United States Supreme Court. However, his counsel could not advise him about the holding of *Booker*, as such case was not decided until after defendant's conviction was final.

Jurists of reason would not find it debatable that defendant has failed to make a substantial showing of any objectively deficient performance by defense counsel on such basis. Defendant has also not shown prejudice, i.e. any reasonable probability that, but for counsel's alleged errors, he would have proceeded to trial instead of pleading guilty. Defendant is not entitled to a certificate of appealability.

## RECOMMENDATION

It is **RECOMMENDED** that:

1) the "Motion to Vacate or Set Aside Sentence" (DE#162) by the defendant should be **DENIED** with prejudice; and
2) a certificate of appealability should not be issued.

Particularized objections to this Report and Recommendation must be filed within ten (10) days of the date of service of the same or further appeal is waived. United States v. Walters, 638 F.2d 947 (6th Cir. 1981);  Thomas v. Arn, 728 F.2d 813 (6th Cir. 1984), *affirmed*, 474 U.S. 140 (1985). Poorly drafted objections, general objections or objections that require a judge's interpretation should be afforded no effect and are insufficient to preserve the right of appeal.  See Howard v. Secretary of Health and Human Services, 932 F.2d 505 (6th Cir. 1991).  A party may file a response to another party's objection within ten (10) days after being served with a copy thereof.  Rule 72(b), Fed. R.Civ.P.

This the ____5th____ day of  December, 2005.



Signed By:
J. B. Johnson, Jr.
United States Magistrate Judge